UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Marco Terrell Hutchinson**, #12518-171 | ) | C/A No. **0:08-735-MBS-BM** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| | ) | |
| United States of America; Todd Hagins, AUSA, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

The Plaintiff, Marco Terrel Hutchinson, is a prisoner at the Williamsburg Federal Correctional Institution and has filed this action *pro se*. Plaintiff alleges that the prosecutor in his criminal case, defendant Assistant United States Attorney Todd Hagins ("Hagins"), obtained a conviction by proffering falsified evidence. Plaintiff also names the United States of America as a defendant.

Plaintiff's claim against the United States is being asserted under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346; *see also Norton v. US*, 581 F.2d 390, 392-93. The FTCA vests the district courts with:

> exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Plaintiff's claim against defendant Hagins is being asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), in which the Supreme Court



established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.[1]  A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982).

### Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even when considered under this less stringent standard, however, the undersigned finds that the *pro se* Complaint is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff claims that he is owed damages for constitutional violations committed by the defendants as a result of a scheme to convict him using forged, falsified evidence.  This claim is

---

[1]While Plaintiff claims on the cover sheet of the Complaint that he is bringing this case under the Federal Tort Claims Act, in the text of the Complaint he cites *Bivens* as being the basis of his claim against Hagins.

2



subject to summary dismissal because Plaintiff's asserted right of action has not yet accrued. *See*

*Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted).

      *Heck v. Humphrey* is applicable in civil suits against federal officials and entities, including

suits under the FTCA. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Best v. Kelly*,

309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C. Cir. 1994); *Williams v. Hill*, 878 F. Supp. 269, 272

(D.D.C. 1995) ("Because Plaintiff has not established that the validity of his conviction or sentence

has been reversed on direct appeal, expunged by executive order, or impugned by the granting of

a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his

conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*,

316 U.S.App.D.C. 78, 74 F.3d 1339 (D.C. Cir. 1996); and *Zolicoffer v. FBI*, 884 F. Supp. 173 (M.D.

Pa. 1995). *See also Parris v. United States*, 45 F.3d 383 (10th Cir.) (*Heck v. Humphrey* applicable

to suits brought under the Federal Tort Claims Act); and *Williams v. Hill*, 878 F. Supp. at 270-273



(*Heck v. Humphrey* applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).  Here, Plaintiff has made no allegation that he has successfully challenged his conviction or sentence. Indeed, he is still serving his sentence at the correctional facility.

### <u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss *without prejudice* the Complaint in this case.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.


Bristow Marchant
United States Magistrate Judge

April  25, 2008
Columbia, South Carolina

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

