IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marco Terrell Hutchinson, ) | |
| ) | C/A No. 9:08-0735-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| United States of America; Todd Hagins, ) | |
| AUSA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Marco Terrell Hutchinson was indicted on one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and 2113(d). A jury rendered a guilty verdict on April 19, 2006. Plaintiff was sentenced to fifty-seven months incarceration on November 6, 2006. Judgment was entered November 6, 2008.

Plaintiff, appearing pro se, filed this complaint against Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 (FTCA). Plaintiff also asserts a claim against Defendant Todd Hagins pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). Plaintiff alleges that Defendant Hagins forged his (Plaintiff's) initials to two stipulations that were submitted to the jury. Plaintiff contends that the stipulations constituted an illegal contract. He further contends that the alleged forgery violated his constitutional rights.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On April 28, 2008, the

Magistrate Judge filed a Report and Recommendation in which he recommended that the case be summarily dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff filed objections to the Report and Recommendation on June 5, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff asserts that the within action is not barred by Heck because the complaint does not directly affect his conviction. The court disagrees. Heck provides that a plaintiff seeking damages "for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order," or otherwise declared invalid by a proper tribunal. Heck, 512 U.S. at 486-87. Heck applies regardless of whether the action is brought under Bivens or the FTCA. See, e.g., Abiodun v. Mckasey, 264 F. App'x 726 (10th Cir. 2008); Dare v. United States, 264 F. App'x 183 (3d Cir. 2008).

Plaintiff's allegations of an illegal contract and forgery during trial necessarily call into question the validity of his conviction. Plaintiff has not demonstrated that he has successfully challenged his conviction or sentence. Accordingly, Plaintiff's objection is without merit.

2

The court concurs in the Report and Recommendation and incorporates it herein by reference.

This case is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

December 1, 2008

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**